# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Samuel B. King, | : | |
|         Debtor. | : | Bankruptcy No. 17-13371-MDC |

# **O R D E R**

**AND NOW**, Brad J. Sadek (the "Applicant"), counsel to Samuel B. King (the "Debtor"), filed the Application for Compensation of Attorney's Fees (the "Application")[1] in which the Applicant requests the allowance of compensation in the amount of $3,500.00 and the reimbursement of expenses in the amount $390.00.

**AND**, the Applicant was paid $2,200.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, the Applicant certified that proper service has been made on all interested parties.

**AND**, the Applicant has filed a certification of no response.

**AND**, the Court of Appeals held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals has instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief." *Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir. 1976).

---

[1] Bankr. Docket No. 23.

**AND**, this case involves the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form 22C (requiring less financial disclosure from below-median debtors).

**AND**, pursuant to L.B.R. 2016-2(a)(1), the court is authorized to allow counsel fees in chapter 13 cases involving below-median debtors of $3,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant elected to file the Application pursuant to L.B.R. 2016-2(a)(1), despite requesting compensation that exceeds the amount the court is authorized to allow in chapter 13 cases involving below-median debtors.

**AND**, the Applicant failed to file the Application in a form consistent with L.B.R. 2016-3.

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $390.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331 & 503(b).

Dated: December 18, 2017

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

2

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107